UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLEARWATER INSURANCE CO.,

Petitioner,

-v-

GRANITE STATE INSURANCE CO., *et uno*,

Respondents.

No. 15-cv-165 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Petitioner Clearwater Insurance Company ("Clearwater") brings this petition to confirm an arbitration award (the "Final Award") against Respondents Granite State Insurance Company and New Hampshire Insurance Company (collectively "Respondents"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (*See* Doc. No. 1 (the "Petition" or "Pet.").) Respondents "do not oppose the granting of the petition, the entry of an order confirming the arbitration award dated October 23, 2014, or the entry of judgment thereon." (Doc. No. 14 at 2.) Petitioner has also sought to seal and make redactions to various documents filed in this case, alleging that their public filing would violate a confidentiality agreement between the parties. On January 9, 2015, Judge Caproni, while serving as the Part 1 Judge, granted that request. (Doc. No. 8.) However, on January 20, 2015 – after the case was assigned to my docket – the Court directed the parties to submit a joint letter addressing the continued need for sealing "[i]n light of the strong presumption of public access to judicial documents." (Doc. No. 9 at 2.) The parties have since responded, arguing that continued sealing is appropriate. For the following reasons, the Petition

is granted and the Final Award is confirmed. However, the parties are directed to submit additional briefing to enable the Court to decide whether continued sealing of certain materials is appropriate.

## I. BACKGROUND

Clearwater and Respondents were parties to multiple reinsurance contracts. (Pet. ¶ 6.) Each contract contained an arbitration clause. (*Id.* ¶ 7.) In 2012, Clearwater initiated arbitration seeking resolution of disputes concerning amounts billed under the contracts. (*Id.* ¶¶ 8–9.) Pursuant to the arbitration provisions in the contracts, a three-member arbitration panel was appointed. (*Id.* ¶¶ 10–11.) After the parties conducted discovery and exchanged written briefs, the panel issued the Final Award on October 23, 2014.[1] (*Id.* ¶¶ 12–14; *Id.* Ex. J.) Clearwater then filed the Petition on January 9, 2015, and Respondents filed their response on January 23, 2015. (Doc. Nos. 1–3, 14.)

## II. LEGAL STANDARD

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotation marks omitted); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed'

---

[1] The substance of the Final Award was redacted in Petitioner's submissions pursuant to Judge Caponi's sealing order. (*See* Doc. No. 8.) The Court has refrained from stating it here pending final resolution of the parties' request to maintain certain materials under seal. *See* Part IV.

in §§ 10 and 11.") "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H Blair*, 462 F.3d at 110 (internal quotation marks omitted).

However, even where the petition is unopposed, a court must still treat the petition "as akin to a motion for summary judgment." *Id.* at 109-110; *see also New York City Dist. Council of Carpenters Pension Fund v. Carroll*, No. 09-cv-3207 (WHP), 2010 WL 3199673, at *1 (S.D.N.Y. Aug. 12, 2010). In other words, the facts must show that the petitioner is entitled to judgment as a matter of law. *D.H. Blair*, 462 F.3d at 110.

### III. DISCUSSION

Having carefully reviewed the Final Award, the Court concludes that there is no basis for vacating, modifying, or correcting the Final Award. "[T]he FAA sets forth the 'exclusive' grounds for vacating an arbitration award." *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 95 (2d Cir. 2008), *rev'd and remanded on other grounds*, 130 S.Ct. 1758 (2010). Specifically, the Act allows vacatur of an arbitral award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

3

9 U.S.C. § 10(a). The Second Circuit has also "recognized that the district court may vacate an arbitral award that exhibits a 'manifest disregard' of the law." *Stolt-Nielsen*, 548 F.3d at 91 (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)).

Here, the Petition is unopposed and there is sufficient evidence in the record to grant it. The arbitration procedure outlined in the relevant documents was followed. There is no evidence in the record that the award was procured by corruption, fraud, or undue means; that any or all of the arbitrators were partial or corrupt; that the arbitrators were guilty of any misbehavior prejudicing the rights of any party; that the arbitrators exceeded or imperfectly executed their powers; or that there was a manifest disregard of the law. Therefore, the Court grants the Petition and confirms the Final Award.

## IV. SEALING

In the parties' joint letter dated January 30, 2015, Respondents argue that since "[c]onfirmation of the [arbitration] award is a ministerial act, . . . this case does not implicate the public's right to access to documents underpinning 'adjudications of substantive rights.'" (Doc. No. 15 at 1 (citations omitted).) Specifically, Respondents point to a recent decision from the Northern District of Illinois, which relies on Seventh Circuit precedent to hold that "the presumption in favor of the public filing of documents that affect the disposition of federal litigation is not triggered" by a petition to confirm an arbitration award. (*See id.* Ex. 1 (attaching *Nationwide Mut. Ins. Co. v. Continental Cas. Co.*, No. 14-cv-844 (EEB) (N.D. Ill. June 3, 2014)). Alternatively, Respondents seek an opportunity to fully brief the issue of sealing "[i]n the event the Court is inclined to consider this issue further." (*Id.* at 2.)

Although Respondents rely on case law from the Seventh Circuit to the contrary, it is well settled in this District that "the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition." *Aloi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12-cv-3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) (citations and internal quotation marks omitted); *see also Istithmar World PJSC v. Amato*, No. 12-cv-7472 (JFK), 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013); *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-cv-3694 (LTS), 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011); *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10-cv-698 (RJS), 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010). Accordingly, the parties must overcome the strong presumption of public access to judicial documents and, in particular, adjudications of substantive rights. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *see also DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ."). Here, the parties have offered no facts or arguments that justify sealing. Nevertheless, before rendering a decision on the continued need for sealing, the Court will grant Respondents' request that they be permitted to submit a memorandum of law in this regard. Respondents shall file their brief, which should not exceed fifteen pages, by February 23, 2015.

V. CONCLUSION

For the reasons explained above, the Petition is granted and the Final Award is confirmed. However, Respondents shall submit a memorandum of law with respect to sealing by

5

February 23, 2015. The Clerk of the Court is respectfully directed to enter judgment in favor of Clearwater and close this case.

SO ORDERED.

Dated:  February 5, 2015
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE